Garrett Charity, Esq.
Garrett.Charity@MccarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMSHID NAEBZADEH,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS NATIONAL BANK; BARCLAYS BANK DELAWARE; and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>    Defendants. | Case No.: 8:23-cv-481<br><br>**Complaint for Damages:**<br>    **Violation of Fair Credit Reporting Act** |

Plaintiff, Jamshid Naebzadeh, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.   INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.   PARTIES

2. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

3. Defendants, American Express National Bank ("American Express") and

Barclays Bank Delaware ("Barclays") are and at all times relevant hereto were lending institutions regularly doing business in the State of California.

4. At all times pertinent hereto, Defendants American Express and Barclays are a "person" as that term is defined in 15 U.S.C. §1681a(b) and Cal. Civ. Code § 1788.2(g), and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

5. Defendants American Express and Barclays were at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

6. Defendants American Express and Barclays are a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal Civ. Code § 1788.2(c).

7. Defendant Experian Information Solutions, Inc. is a corporation existing under the laws of California, with North American Headquarters in Costa Mesa, CA.

8. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in California.

9. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of California.

10. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

11. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

12. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III. JURISDICTION AND VENUE

13. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p, 15 U.S.C. §1692k(d), and 28 U.S.C. §1331.

14. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### IV. FACTUAL ALLEGATIONS

15. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants American Express, Barclays and Experian (collectively, "Defendants"), and has suffered particularized and concrete harm.

16. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

17. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

18. Experian, Equifax and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

19. Plaintiff discovered the American Express account ending -61000 and Barclays account ending -3478 on his Experian consumer report in error (the "Accounts").

20. During the course of repayment of the American Express account, Plaintiff satisfied the American Express account in full with the Defendant American Express' agent Zwicker & Associates for full and final settlement of Plaintiff's obligation with respect to the American Express account.

21. During the course of repayment of the Barclays account, Plaintiff satisfied the Barclays account in full with Barclays for full and final settlement of Plaintiff's obligation with respect to the Barclays account.

22. Plaintiff resolved his liability on the Accounts, and the balances are $0.

23. In spite of receiving the full benefit of payment in full on the Accounts, and releasing Plaintiff from liability on the Accounts, Defendants American Express and Barclays continued, erroneously, to report a balance due and owing with derogatory charge-off status on the Accounts to Experian.

24. The false information regarding the Accounts appearing on Plaintiff's

consumer report harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates credit utilization.

### PLAINTIFF'S WRITTEN DISPUTE

25. On or about November 10, 2022, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding Accounts reporting on Plaintiff's consumer report.

26. Upon information and belief Experian forwarded Plaintiff's Experian Dispute to Defendants American Express and Barclays.

27. Upon information and belief, American Express and Barclays received notification of Plaintiff's Experian Dispute from Experian.

28. Upon information and belief, American Express and Barclays verified the erroneous information associated with the Accounts to Experian.

29. American Express and Barclays failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Accounts information with respect to the disputed information and the accuracy of the Accounts.

30. Experian did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Accounts information with respect to the disputed information and the accuracy of the Accounts.

31. Upon information and belief, American Express and Barclays failed to instruct Experian to remove the false information regarding the Accounts reporting on Plaintiff's consumer report.

32. Experian employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's Experian Dispute.

33. At no point after receiving the Experian Dispute did American Express, Barclays or Experian communicate with Plaintiff to determine the veracity and extent of Plaintiff's Experian Dispute.

34. Experian relied on their own judgment and the information provided to them

by American Express and Barclays rather than grant credence to the information provided by Plaintiff.

35. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Accounts.

## COUNT I – EXPERIAN
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

36. Plaintiff re-alleges and reaffirms the above paragraphs 1-35 as though fully set forth herein.

37. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Accounts reporting on Plaintiff's Experian consumer report.

38. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

39. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

40. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

41. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

43. Plaintiff re-alleges and reaffirms the above paragraphs 1-35 as though fully set forth herein.

44. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Accounts reporting on Plaintiff's Experian consumer report.

45. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

46. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

47. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

48. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

49. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – AMERICAN EXPRESS AND BARCLAYS

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

50. Plaintiff re-alleges and reaffirms the above paragraphs 1-35 as though fully set forth herein.

51. After receiving the Experian Dispute, American Express and Barclays failed

to correct the false information regarding the Accounts reporting on Plaintiff's consumer report.

52. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendants American Express and Barclays's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendants American Express and Barclays's representations to consumer credit reporting agencies, among other unlawful conduct.

53. As a result of this conduct, action, and inaction of Defendants American Express and Barclays, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

54. Defendants American Express and Barclays's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

55. In the alternative, Defendants American Express and Barclays were negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

56. Plaintiff is entitled to recover costs and attorneys' fees from Defendants American Express and Barclays pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted Friday, March 17, 2023

*/s/Garrett Charity*
Garrett Charity, Esq.
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Garrett.Charity@mccarthylawyer.com
Attorney for Plaintiff